IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FRED HUTCHINSON CANCER RESEARCH CENTER, *et al.*,

Plaintiffs,

v.   Civil Action No. 3:11-cv-00710

BRANHAVEN, LLC, *et al.*,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the motions to dismiss for lack of personal jurisdiction of defendants Branhaven, LLC and Christopher Paxos. (Dk. Nos. 58 and 76). The complaint alleges sufficient contact with Virginia for this Court to exercise jurisdiction over the defendants, and these motions are therefore DENIED.

Federal Circuit law governs whether a court has personal jurisdiction over a defendant in a patent infringement case. *Reynolds and Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 549 (E.D. Va. 2004). In this case, the plaintiffs allege that this Court has "specific," as opposed to "general," jurisdiction over Branhaven, LLC ("Branhaven") and Christopher Paxos ("Paxos"). "The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). At the motion to dismiss stage, plaintiffs

need only make a *prima facie* showing that defendants are subject to personal jurisdiction. *Elecs. for Imaging, Inc. v. Coyle*, 340 F. 3d 1344, 1349 (Fed. Cir. 2003). In addition, any factual conflicts between the plaintiffs and defendants pleadings must be resolved in the plaintiffs' favor. *Id.* Based on this standard, plaintiffs have made their requisite showing.

The plaintiffs have sufficiently shown that Branhaven purposefully directed activities at Virginia by purchasing and controlling the assets related to the product at issue, namely, a dog breed test kit. A defendant purposefully directs activities at a forum state "if it enters into a business agreement with a resident of the forum state whereby the party delivers goods or services to [the] forum state and receives payments therefrom." *Taltwell, LLC v. Zonet USA Corp.*, No. 3:07-cv-543, 2007 U.S. Dist. LEXIS 93645, at *23 (E.D. Va. Dec. 20, 2007). There is no dispute that kits were sold in Virginia—only whether Branhaven may be held responsible for those sales. The assets acquired by Branhaven included not only those from which the dog breed test kit was manufactured but also the website from which the infringing product was sold to Virginia residents. As the owner of the assets from which the alleged infringement stemmed, Branhaven may not defeat jurisdiction in Virginia, where it admits that products were deliberately sold. The plaintiffs have thus satisfied the first prong of the test. The remaining prongs have also been met: the claim clearly arises, at least in part, from Branhaven's sales in Virginia, and the defendant has failed to meet the high burden of showing that the assertion of jurisdiction would be either unreasonable or unfair. The plaintiffs have accordingly made a *prima facie* showing of personal jurisdiction over Branhaven.

With respect to Paxos, the plaintiffs have alleged that he is subject to personal jurisdiction for inducing infringement under 35 U.S.C. § 271(b) because he is the "driving force" behind the sale of the dog breed test kit. Induced infringement under § 271(b) ("Whoever

actively induces infringement of a patent shall be liable as an infringer") requires knowledge, or willful blindness, that the induced acts constitute patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). The plaintiffs have noted Paxos' role in the bankruptcies of the former owners of the assets, his role in creating the entities that now sell the dog breed test kit (defendants Scidera, Inc. and Scidera Canine, LLC), and his corporate leadership positions in these same entities. Even prior to these bankruptcies, the plaintiffs had already filed a patent infringement claim related to the dog breed test kit against the then-holders of the assets. See *Fred Hutchinson Cancer Research Center, et al. v. MMI Genomics, Inc.*, No. 2:10-cv-00615-RGD-FBS (E.D. Va. 2010). In addition, the plaintiffs filed a limited objection to the bankruptcy sales of the assets and then later contacted Paxos about negotiating a removal of the dog breed test kit from the market. The plaintiffs argue that Paxos at the very least approved the continued sales of the dog breed test kit despite his knowledge of the plaintiffs' patent infringement claims. See *Pactool Int'l Ltd. v. Kett Tool Co., Inc.*, No. C06-5367BHS, 2011 U.S. Dist. LEXIS 21759 (W.D. Wash. Mar. 3, 2011) (holding a chairman and part-owner of company was subject to personal jurisdiction of the forum where he approved sales of an infringing product). Viewing the facts in the light most favorable to the plaintiffs, enough evidence of Paxos' purposeful role in the infringing activities has been provided to meet the first prong of the specific jurisdiction test. The second and third prongs are likewise satisfied for the same reasons given above. In short, the plaintiffs have made a *prima facie* showing of personal jurisdiction over Paxos as well.

If, upon further development of the factual record, either Branhaven or Paxos can provide sufficient evidence to defeat personal jurisdiction, the Court will consider a renewed motion to dismiss for lack of personal jurisdiction at that time.

Accordingly, the Court hereby ORDERS that these motions be DENIED.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

Date: April 2, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge